Present:   All the Justices

LUCILLE B. MOTLEY

                              OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 982081              June 11, 1999

TARMAC AMERICA, INCORPORATED

        FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                 Melvin R. Hughes, Jr., Judge

     Code § 8.01-375, states in relevant part:

     "The court trying any civil case may upon its own
     motion and shall upon the motion of any party,
     require the exclusion of every witness.  However,
     each named party who is an individual, one officer
     or agent of each party which is a corporation or
     association . . . shall be exempt from the rule of
     this section as a matter of right."

     In this appeal, we consider whether the circuit court

erred in denying the plaintiff's post-trial motion for a new

trial because the corporate defendant designated as its agent,

for purposes of Code § 8.01-375, its former employee, whose

negligent acts and omissions were at issue in this litigation,

thus permitting the former employee to observe the trial even

though the circuit court had excluded the witnesses.

     Plaintiff, Lucille B. Motley, filed her motion for

judgment against James N. Mobley, Tarmac Mid-Atlantic, Inc.,

and Tarmac America, Inc.  She alleged that Mobley, while

acting within the scope of his employment, negligently

operated a truck, and that his negligence was a proximate

cause of her injuries.  The plaintiff nonsuited Mobley and

Tarmac Mid-Atlantic, Inc., and the case was tried before a jury against Tarmac America, Inc.

After the jury had been empanelled, defendant's counsel stated: "Mr. Mobley is going to be my corporate designee. I'd make a motion to separate the witnesses . . . ." The circuit court granted the motion. Counsel for the litigants made their opening statements and presented evidence.

According to the plaintiff's evidence, the plaintiff was driving a car in a westerly direction on Broad Street in Richmond on February 22, 1996, about 10:45 a.m. This portion of Broad Street consists of four lanes of travel, two lanes extending in an easterly direction and two lanes extending in a westerly direction.

The plaintiff testified that as she was driving her car, a white vehicle "whipped over in front" of her, and she swerved her car to the left to avoid it. The plaintiff, who was driving approximately 25 m.p.h., lost control of her car and traveled across the two lanes of eastbound traffic, "slammed into a wall," "bounced back onto the street," and injured a pedestrian.

The plaintiff was unable to identify the white vehicle that entered her lane of travel. However, Thomas G. Aukward testified that as he was driving his car on Broad Street, he observed in his rearview mirror a white truck, similar to the

truck that Mobley was driving, approach his car "fairly quick." Aukward "braced himself," thinking that the white truck was going to collide with his car. As Aukward looked into his mirror a second time, the white truck "was gone," and as he was "trying to figure out where the vehicle went," he saw Motley's car "skidding" across the traffic lanes.

Deborah K. Matthews, another witness, testified there was no doubt in her mind that the truck that Mobley was driving was the truck that entered the plaintiff's lane of travel. Floyd Marable, who also saw the accident, testified that the truck Mobley was operating was the only white truck in the area when the accident occurred. Marable stated that he observed the truck move into the plaintiff's lane of travel, and that the operator of the truck did not give a turn signal when the truck changed lanes. Charles B. Howard, a Richmond police officer, testified that Mobley stated at the scene of the accident that he had been operating his truck in the left westbound lane.

Mobley, who was present during the entire trial, testified that his truck was not involved in the accident and he operated his truck in the "right lane all the time," and that Officer Howard's conflicting testimony was not true. At the conclusion of the evidence, the jury was instructed and returned a verdict in favor of the defendant.

After the circuit court had entered a judgment on the verdict, but before the court lost jurisdiction, the plaintiff learned that the defendant had terminated Mobley's employment before the trial, but the defendant failed to inform the plaintiff of this fact. The plaintiff filed a motion for a new trial and asked that the court vacate its judgment order because Mobley was not the defendant's employee and, therefore, he should not have been allowed to remain in the courtroom to observe the testimony of other witnesses.

Counsel for the litigants filed memoranda in support of their respective positions, and the circuit court considered argument of counsel. During the argument, defendant's counsel stated: "At the time of trial [Mobley] was not an employee and the facts are that the plaintiff nonsuited him and that I said on the record that he was going to be the corporate designee." The circuit court denied plaintiff's motion and entered a judgment in favor of the defendant. Plaintiff appeals.

The plaintiff argues that she is entitled to a new trial because Mobley was not an agent of the defendant within the intendment of Code § 8.01-375 and, therefore, he was not entitled to remain in the courtroom once the circuit court ordered the exclusion of witnesses. The defendant responds that Code § 8.01-375 permits it to appoint any person as an

4

"agent of . . . a corporation" and, thus, Mobley was exempt from the statutory exclusion.  We disagree with the defendant.

Code § 8.01-375 requires a circuit court trying any civil case, upon motion of any party, to exclude every witness.  The statute, however, contains an exception for each named party who is an individual or "one officer or agent of each party which is a corporation."  Code § 8.01-375.  The purpose of this statute is to discourage and expose fabrication and collusion by witnesses and to minimize the likelihood that witnesses will alter their testimony so that such testimony is consistent with testimony provided by other witnesses.  See, e.g., United Dentists, Inc. v. Commonwealth, 162 Va. 347, 352, 173 S.E. 508, 509 (1934).  This statute is important to the administration of justice because the exclusion of witnesses will often assist the finder of fact in its quest to ascertain the truth.  And, as Professor Wigmore observed, the sequestration of witnesses "is (next to cross-examination) one of the greatest engines that the skill of man has ever invented for the detection of liars in a court of justice." 6 John H. Wigmore, Wigmore on Evidence § 1838 at 463 (James H. Chadbourn ed. 1976).

We hold that Mobley was not an agent of the defendant within the intendment of Code § 8.01-375 because he was neither employed by the defendant at the time of trial, nor

5

did he have any other relationship with the defendant at that time.  We reject the defendant's contention that it is entitled to appoint anyone as its agent for purposes of Code § 8.01-375 because such an interpretation would permit litigants to circumvent and frustrate the very purposes that the statute was designed to achieve.  For example, the defendant's position, which we do not accept, would permit a corporate litigant to appoint as its "agent of the corporation" any witness whose testimony may be crucial to the determination of a case, thereby permitting that witness to observe the testimony of other witnesses and judicial rulings even though that person has no association or relationship with the corporate defendant.

In view of our disposition of this case, we need not consider the plaintiff's remaining contentions.  Accordingly, we will reverse the judgment of the circuit court, and we will remand this case for a new trial.

Reversed and remanded.