# CIRCUIT COURT OF THE CITY OF RICHMOND

Lucille B. Motley

v.

James N. Mobley et al.

October 8, 1999

Case No. LC-2440-4

BY JUDGE MELVIN R. HUGHES, JR.

Pursuant to Va. Code § 8.01-66.9, plaintiff has asked the court to reduce a lien in favor of the Commonwealth of Virginia. The case arises out of a personal injury claim in an automobile accident.

The accident occurred in Richmond on February 22, 1996, when the car plaintiff was driving proceeding west on Broad Street went over and across the westbound lane and hit a bridge abutment. Plaintiff, now sixty-five years old, received serious injuries consisting of multiple fractures to the knee, shoulder, and arm.

Trial was had before a jury on June 16, 1998. Plaintiff contended defendant's truck ran her off the road, even though the vehicles never made contact. The jury found for the defendant. However, on appeal the Supreme Court of Virginia reversed. The court found that plaintiff should have been allowed a new trial when she advised the court post trial that defendant's representative at trial, the truck driver, was no longer employed with defendant at that time. Plaintiff maintained, and the Supreme Court agreed, that the truck driver's presence during the trial at counsel's table violated § 8.01-375, governing exclusion of witnesses. *Motley v. Tarmac*, 258 Va. 98 (1999).

After remand, the parties entered into a settlement for $175,000. Now, plaintiff and the Commonwealth have a dispute over a lien of approximately

$41,000 on the recovery for medical services provided by the Medical of College of Virginia following the accident.

At the lien hearing, counsel for plaintiff told the court that attorney's fees set at a one-third contingency would be reduced to $52,766.56. Counsel reported that its costs for the trial for which plaintiff is responsible amounted to $20,970.25. However, during the time the case was on appeal, plaintiff filed bankruptcy and received a discharge of this liability as well as the $41,000 due MCV. Pending the appeal, there were additional costs incurred in the amount of $3,077.80 which were not discharged. Counsel also advised that plaintiff has no health insurance and may need unspecified follow up medical attention. Counsel for plaintiff asks that the Commonwealth's lien be reduced to approximately $27,000.

With its lien as its sole avenue for any recovery the Commonwealth urges that there be no lien reduction. It maintains that, even if there is no reduction, plaintiff "will walk away" with approximately $78,000. (Neither party has raised a question of the lien's viability in light of the bankruptcy of the underlying debt.)

Except for saying that the recovery can be apportioned "as the equities of the case may appear," the statute provides no guidance on what things to consider in a request for lien reduction. Yet in enacting the statute, the Legislature has made clear that the authority is there for a reduction. The court has said that the statute's purpose is to "reduce expense and delay, to avoid litigation, and to promote settlements." *Commonwealth v. Smith*, 239 Va. 108, 112 (1990). In such cases, the court can apportion the recovery of all involved "between a plaintiff, the plaintiff's attorney, and the Commonwealth or its institutions." *University of Virginia v. Harris*, 239 Va. 119, 125 (1990).

As the trial judge, my recollection is that there was an issue of contributory negligence in the case. In light of the work counsel has done in bringing the matter on for trial and pursuing the appeal, especially considering the expenses which are no longer recoverable, the reduced fee request as a part of the settlement is entirely reasonable, and therefore, it will be allowed. Contributory negligence impairs the value of plaintiff's case, an issue which probably swayed the jury in its verdict. Counsel has done well in bringing about a recovery. For the same reasons, counsel should be allowed the appeal costs incurred, $3,077.80.

The Commonwealth has rightly observed that any reduction in its lien must be shouldered by the taxpayers. "Whatever consideration is given to easing plaintiff's burden must be balanced against the Commonwealth's

interest in not overburdening its taxpayers." *Jenkins v. Prince*, Ended Case No. 94-3176 (Richmond Cir. Ct. 1994).

Counsel for plaintiff argued that his purpose in seeking a reduction to $27,000 is to insure that plaintiff will have a net recovery of at least $100,000. This is certainly a laudable position to take in the client's interests, but the court must remain cognizant of the equities involved. There is no magic in the $100,000 net except that it may comport with the equities in the case. The court finds it does not. First, the court considers that plaintiff has already received some benefit in the bankruptcy discharge of her litigation costs and the underlying obligation for medical expenses. This has obviously inured to her benefit and to the detriment of two creditors, her counsel and the Commonwealth. Under all the circumstances, especially given the relative merits of plaintiff's claim, the equities do not call for any reduction of lien in this case. Therefore, the court will not order a reduction; the request for this is denied.